# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1253

_____

United States of America, for the use & benefit of Seedorff Masonry, Inc.

*Plaintiff - Appellant*

v.

Archer Western Construction, LLC; Travelers Casualty and Surety Company of America

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 16, 2020
Filed: February 17, 2021
[Unpublished]

_____

Before BENTON, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Seedorff Masonry, Inc. ("Seedorff) subcontracted with a general contractor, Archer Western Construction, LLC ("Archer"), to provide the masonry work for a project in Omaha, Nebraska. A dispute arose as to the quality of Seedorff's work. Even though Seedorff's work was ultimately accepted, its payment applications went

unpaid during the dispute. Seedorff sued Archer and its surety, Travelers Casualty and Surety Company of America, alleging unjust enrichment, violations of the Miller Act, and violations of the Nebraska Construction Prompt Pay Act, Neb. Rev. Stat. § 45-1205. Negotiations ensued and, on April 12, 2019, Archer paid Seedorff $759,077.76 to satisfy some of the unpaid payment applications (the "April 2019 payment"). The parties, unable to resolve their disputes over the other payment applications, proceeded to a bench trial. The court[1] awarded Seedorff the amounts owed under the remaining unpaid payment applications (excluding amounts from rejected change orders) as well as interest on those amounts. The court declined to award interest on the April 2019 payment, concluding Seedorff had waived its claim when it accepted the payment. On appeal, Seedorff argues the district court erred in finding Seedorff had waived prejudgment interest on the April 2019 payment because (1) the payment was a "partial settlement payment" and not a progress payment or a final payment, and (2) it preserved its right to seek prejudgment interest in a document entitled Partial Waiver and Release of Claims for Payment.

Neb. Rev. Stat. § 45-1205 entitles a subcontractor to collect interest from a contractor if a periodic or final payment "is delayed by more than thirty days after receipt of a properly submitted periodic or final payment request." The statute further provides that "[a]cceptance of progress payments or a final payment shall release all claims for interest on such payments." The April 2019 payment satisfied some of the payment applications that Seedorff submitted during the project. The satisfaction of these applications constitutes a progress payment within the meaning of the statute. While Seedorff points to the long delay in payment, this delay does not undermine the district court's conclusion that the express terms of the statute specify that acceptance of a progress payment waives all claims for interest related to that payment. When

---

[1]The Honorable Robert F. Rossiter, Jr., United States District Judge for the District of Nebraska.

Seedorff accepted the April 2019 payment, it waived any claim for interest on the payment by operation of the statute.

Seedorff's argument that the parties preserved the issue of interest in the Partial Waiver and Release of Claims for Payment signed by Seedorff on April 12, 2019, is belied by a plain reading of the document.[2] The document's references to interest simply state Seedorff's position, as reflected by the use of the phrases "Seedorff does not intend to waive" and "Seedorff further contends." As to Archer, the document specifically provided that Archer was "reserv[ing] the right to contest any and all claims for interest that [we]re not released through this Partial Release of Claims for Payment." Setting aside the question of whether the provisions of § 45-1205 can be modified by an agreement of the parties, under the unambiguous terms of the partial release, Seedorff did not preserve a claim for prejudgment interest on the April 2019 payment.

We affirm the judgment of the district court.

_____

[2]The Partial Waiver and Release of Claims for Payment is signed by only Allan J. Hermsen, Seedorff's Secretary/Treasurer. Seedorff asserts the parties negotiated the language in this release and we assume for purposes of this appeal that the language was approved by both parties, even though the document in the record does not contain Archer's signature.